**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division**

| | | |
|---|---|---|
| BRITTANY JORDAN | : | |
| 105 South Vermont Street | | |
| Williamsport, Maryland 21795 | : | |
| | | |
| and | : | |
| | | |
| CHARLENE JOHNSON | : | |
| 48 Globe Street | | |
| Martinsburg, West Virginia 25404 | : | |
| | | |
| Plaintiffs, | : | |
| | | |
| v. | : | Civil Action No. _____ |
| | | |
| PHOENIX HEALTH CENTER, LLC | : | |
| 217 East Antietam Street | | |
| Hagerstown, Maryland 21740 | : | |
| | | |
| and | : | |
| | | |
| J. RAMSAY FARAH | : | |
| 217 East Antietam Street | | |
| Hagerstown, Maryland 21740 | : | |
| | | |
| Defendants. | : | |

...oooOooo...

## **COMPLAINT**

NOW COMES Plaintiffs Brittany Jordan and Charlene Johnson, by and through their attorneys, Andrew M. Dansicker, Andreas Lundstedt and the Law Office of Andrew M. Dansicker, LLC, and hereby file this Complaint against Defendants Phoenix Health Center, LLC ("Phoenix") and J. Ramsay Farah (together "Defendants") for failure to pay overtime wages in

-1-

violation of the Fair Labor Standards Act ("FLSA"), the Maryland Wage Payment and Collection Law ("MWPCL") and the Maryland Wage and Hour Law ("MWHL"), and in support thereof state the following:

## THE PARTIES

1. Plaintiff Brittany Jordan is a citizen and resident of Maryland who was employed as an unlicensed Counselor Trainee for Phoenix in Hagerstown, Maryland.

2. Plaintiff Charlene Johnson is a citizen and resident of West Virginia who was employed as an unlicensed Counselor Trainee for Phoenix in Hagerstown, Maryland.

3. Defendant Phoenix is a Maryland corporation maintaining its principal place of business in Hagerstown, Maryland, which provides comprehensive outpatient addiction medicine and integrated dual diagnosis and pain management services and treatment to members of the public. Phoenix is an employer as defined by the FLSA, MWPCL and MWHL.

4. Defendant J. Ramsay Farah is a licensed physician and is the owner and operator of Phoenix, who was responsible for determining whether Plaintiffs were entitled to be paid overtime or were considered exempt employees and determined the wage and hour policies for Phoenix.

## JURISDICTION AND VENUE

5. Subject matter jurisdiction is proper in this Court pursuant to to 42 U.S.C. § 12101 *et seq.* as the case arises under federal law, the FLSA, and personal jurisdiction is proper in this Court, because Defendants transact extensive business in Maryland, and the events giving rise to this litigation took place in Maryland.

6. Venue is proper in this Court under 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claims occurred in the District of Maryland, Northern Division.

## FACTS

7. Plaintiff Brittany Jordan began working for Phoenix in or around November 2013 and worked until approximately March 2016, performing individual and group counseling, collecting and analyzing urine samples, and filling out required paperwork and forms.

8. Ms. Jordan was paid on a salary basis based on an hourly rate that started at approximately $10.50 per hour and ended at approximately $17.00 per hour.

9. Plaintiff Charlene Johnson began working for Phoenix in or around February 2015 and worked until approximately February 2016, performing individual and group counseling, collecting and analyzing urine samples, and filling out required paperwork and forms.

10. Ms. Johnson was paid on a salary basis based on an hourly rate that started at approximately $12.50 per hour and ended at approximately $14.25 per hour.

11. Plaintiffs frequently and regularly worked in excess of forty hours per week, typically working Mondays to Fridays from approximately 6:00 a.m. in the morning to 6:00 p.m. or 7:00 p.m. in the evening, but Defendants failed to pay them the required overtime at the rate of one and a half times their hourly wage.

12. Plaintiffs also worked on one Saturday every other month from approximately 5:00 a.m. to 1:00 p.m., and on occasion, worked late nights during the week.

13. Defendants were aware of Plaintiffs' long hours, because Plaintiffs were required to clock in every morning using a time card and a time clock, but they were expressly told not to clock out at the end of their workday.

14. Plaintiffs were not licensed counselors, nor did they have any advanced degrees or certifications.

15. Plaintiffs have requested, through counsel, that Defendants compensate them for their unpaid overtime wages, but Defendants have failed to do so.

16. Counselor trainees at similar medical establishments in Maryland are typically treated as non-exempt employees and are paid overtime wages.

## **COUNT 1 – FLSA – OVERTIME WAGES**

17. Plaintiffs repeats and reallege all of the allegations contained in the preceding paragraphs of this Complaint as if the same were fully set forth herein.

18. Defendants are subject to the obligations and requirements of the Fair Labor Standards Act ("FLSA").

19. Plaintiffs worked in excess of forty hours per week on a consistent basis but were not properly paid their overtime wages in violation of the FLSA, 29 U.S.C. Section 201, et al.

20. Defendants' deliberate and wilful failure to pay Plaintiffs the required overtime wage payments was not in good faith, nor was it predicated on any reasonable grounds.

WHEREFORE, Plaintiffs demand judgment in an amount greater than one-hundred twenty thousand dollars ($120,000.00) against Defendant in compensatory damages, liquidated damages, attorneys' fees, interest, costs and any and all other relief deemed appropriate by this Court.

## **COUNT II – MWHL/MWPCL – UNPAID OVERTIME**

21. Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as if the same were fully set forth herein.

22. Defendants are subject to the obligations and requirements of the Maryland Wage and Hour Law and Maryland Wage Payment and Collection Law.

23. Plaintiffs worked in excess of forty hours per week on a consistent basis but were not paid their straight wages or overtime pay in violation of Maryland Labor and Employment Code Ann. §§ 3-413, 3-415, 3-420 and 3-428, for the time the Plaintiffs were required to work by Defendant.

24. Defendants' deliberate and wilful failure to pay Plaintiffs the required overtime pay was not in good faith, nor was it predicated on any reasonable grounds or based upon any bona fide dispute.

25.     Pursuant to Section 3-507.1(b) of the MWPCL, Plaintiffs seek liquidated damages in an amount treble the wages that were never paid to Plaintiffs in a timely manner, as well as reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs demand judgment in an amount greater than one-hundred eighty thousand dollars ($180,000.00) against Defendants in compensatory damages, liquidated damages, attorneys' fees, interest, costs and any and all other relief deemed appropriate by this Court.

Dated: March 21, 2017                               Respectfully submitted,


                                                     /s/
                                Andrew M. Dansicker (Bar # 11765)
                                D. H. Andreas Lundstedt (Bar # 28620)
                                Law Office of Andrew M. Dansicker, LLC
                                Executive Plaza II, Suite 705
                                11350 McCormick Road
                                Hunt Valley, Maryland 21031

                                adansicker@dansickerlaw.com
                                andreas.lundstedt@gmail.com

                                *Counsel for Plaintiffs Brittany Jordan and Charlene Johnson*

## PRAYER FOR JURY TRIAL

Plaintiffs Brittany Jordan and Charlene Johnson hereby request a jury trial.

                                                     /s/
                                   Andrew M. Dansicker